# EXHIBIT 4

SUPREME COURT FOR THE STATE OF
NEW YORK, COUNT OF NEW YORK

THE CONTINENTAL INSURANCE COMPANY,

                Plaintiff,

          -against-

CYPRUS AMAX MINERALS COMPANY,
MISSOURI LEAD SMELTING COMPANY,
HOMESTAKE LEAD COMPANY OF
MISSOURI, INSURANCE COMPANY OF
NORTH AMERICA, CENTURY INDEMNITY
COMPANY, THE TRAVELERS INDEMNITY
COMPANY, NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH,
PA, and HARTFORD ACCIDENT &
INDEMNITY COMPANY,

                Defendants.

Index No.: 01-01260/07

Date Index No.
Purchased: 1/26/07

**ANSWER AND AFFIRMATIVE
DEFENSES OF CYPRUS AMAX
MINERALS COMPANY AND MISSOURI
LEAD SMELTING COMPANY**

Defendants Cyprus Amax Mineral Company ("Cyprus Amax") and Missouri Lead

Smelting Company ("MLSC"), for their Answer to the Complaint, state:

## NATURE OF ACTION

    1.     Cyprus Amax and MLSC admit the allegations contained in paragraph 1 of the

Complaint.

    2.     Cyprus Amax and MLSC admit that they are parties to an action styled *BNSF*

*Railway Co. v. The Doe Run Resources Co., et al.*, Circuit Court for the City of St. Louis,

Missouri, case no. 052-01585 (filed on or about May 6, 2005), but deny the remaining

allegations in paragraph 2 of the Complaint.

    3.     Cyprus Amax and MLSC admit that they seek coverage under the Continental

Policies, but lack knowledge sufficient to form a belief as to the truth or falsity of the remaining

allegations in paragraph 3 of the Complaint and therefore deny the same.

4.      Cyprus Amax and MLSC lack knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint and therefore deny the same.

## THE PARTIES

5.      Cyprus Amax and MLSC lack knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint and therefore deny the same.

6.      Cyprus Amax and MLSC lack knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint and therefore deny the same.

7.      Cyprus Amax and MLSC admit that the Continental Policies were issued to Amax, Inc., and that on or about November 15, 1993, Amax, Inc. merged with Cyprus Minerals Company to form Cyprus Amax, but deny the remaining allegations in paragraph 7 of the Complaint.

8.      Cyprus Amax and MLSC admit that Cyprus Amax is a Delaware Corporation with its principal place of business in Arizona, that Cyprus Amax is a successor to Amax, Inc., an insured under the Continental Policies, and that Cyprus Amax is the parent of MLSC, but deny the remaining allegations in paragraph 8 of the Complaint.

9.      Cyprus Amax and MLSC admit that MLSC is incorporated under the laws of the State of Delaware, that MLSC has been an inactive corporation since 1993, that MLSC was formerly a wholly owned subsidiary of Amax Lead Company of Missouri, that Amax Lead Company of Missouri was a wholly owned subsidiary of Amax, Inc., and that MLSC is a wholly owned subsidiary of Cyprus Amax.

10.     Cyprus Amax and MLSC lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore deny the same.

2.

11.    Cyprus Amax and MLSC lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and therefore deny the same.

12.    Cyprus Amax and MLSC lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and therefore deny the same.

13.    Cyprus Amax and MLSC lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and therefore deny the same.

14.    Cyprus Amax and MLSC lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore deny the same.

15.    Cyprus Amax and MLSC lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and therefore deny the same.

16.    Cyprus Amax and MLSC lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore deny the same.

17.    Cyprus Amax and MLSC admit that plaintiff has defined the "Insurer Defendants" for purposes of this pleading as alleged in paragraph 17 of the Complaint.

## JURISDICTION AND VENUE

18.    Paragraph 18 of the Complaint states a legal conclusion to which no response from Cyprus Amax and MLSC is required.  To the extent that any response is necessary, Cyprus

Amax and MLSC deny the allegations.

19.    Cyprus Amax and MLSC admit that some of the insurance policies were issued through Frenkel & Company, Inc. to Amax, Inc., that these defendants claim rights under insurance policies, and that some defendants have engaged in transacting business in the State of New York at some time periods, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint and therefore deny the same.

20.    Cyprus Amax and MLSC deny that venue is proper and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint and therefore deny the same.

## FACTUAL BACKGROUND

21.    Cyprus Amax and MLSC deny the allegations in paragraph 21 of the Complaint.

22.    Cyprus Amax and MLSC admit that they are parties to a lawsuit filed by BNSF, but deny the remaining allegations in paragraph 22 of the Complaint.  Cyprus Amax and MLSC affirmatively assert that the BNSF complaint speaks for itself.

23.    Cyprus Amax and MLSC admit the allegations contained in paragraph 23 of the Complaint as they pertain to these defendants.  Cyprus Amax and MLSC affirmatively assert that Continental has in the past made payments under the Continental Policies to Cyprus Amax and MLSC for similar claims.  These defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of said Complaint.

24.    Cyprus Amax and MLSC deny the allegations in paragraph 24 of the Complaint.

25.    The allegations in paragraph 25 of the Complaint are legal conclusions as to which Cyprus Amax and MLSC are not required to respond.  To the extent that a response is

required, Cyprus Amax and MLSC deny the same.  Cyprus Amax and MLSC affirmatively

assert that any "past settlement between the parties" speaks for itself.

## THE LIABLITY INSURANCE POLICIES AT ISSUE

26.    Cyprus Amax and MLSC admit the allegations in paragraph 26 of the Complaint.

27.    Cyprus Amax and MLSC admit the allegations in paragraph 27 of the Complaint.

28.    Cyprus Amax and MLSC lack knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 28 of the Complaint and therefore deny the

same.

29.    Cyprus Amax and MLSC lack knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 29 of the Complaint and therefore deny the

same.

30.    Cyprus Amax and MLSC lack knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 30 of the Complaint and therefore deny the

same.

31.    Cyprus Amax and MLSC lack knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 31 of the Complaint and therefore deny the

same.

## FIRST CAUSE OF ACTION
### (Declaratory Relief Against the Insureds – Right and Obligation
### Under the Continental Policies for Claims)

32.    Cyprus Amax and MLSC repeat and incorporate by reference their responses to

the allegations in paragraphs 1 through 31 of the Complaint as if fully set forth in this paragraph

32 of the Complaint.

33.    Cyprus Amax and MLSC admit that plaintiff asks for declaratory relief, but deny

the remaining allegations in paragraph 33 of the Complaint.

34.     Cyprus Amax and MLSC admit that Continental and another Insurer Defendant are obligated to provide coverage, including defense and indemnity, to these defendants in connection with the Claims, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the Complaint and therefore deny same.

35.     Cyprus Amax and MLSC deny the allegations in paragraph 35 of the Complaint.

36.     Cyprus Amax and MLSC deny the allegations in paragraph 36 of the Complaint.

37.     Cyprus Amax and MLSC deny the allegations in paragraph 37 of the Complaint.

38.     Cyprus Amax and MLSC deny the allegations in paragraph 38 of the Complaint.

## SECOND CAUSE OF ACTION
### (Declaratory Relief Against All Defendants:  Allocation of Damages)

39.     Cyprus Amax and MLSC repeat and incorporate by reference their responses to the allegations in paragraphs 1 through 38 of the Complaint as if fully set forth in this paragraph 39 of the Complaint.

40.     Cyprus Amax and MLSC deny the allegations in paragraph 40 of the Complaint, except that these defendants admit that plaintiff contends what it alleges it contends.

41.     Cyprus Amax and MLSC deny the allegations in paragraph 41 of the Complaint, except that these defendants admit that plaintiff seeks what it alleges it seeks.

42.     Cyprus Amax and MLSC deny the allegations in paragraph 42 of the Complaint, except that these defendants admit that plaintiff seeks what it alleges it seeks.

43.     Cyprus Amax and MLSC deny the allegations in paragraph 43 of the Complaint, except that these defendants admit that plaintiff seeks what it alleges it seeks.

44.     Cyprus Amax and MLSC deny the allegations in paragraph 44 of the Complaint.

45.     Cyprus Amax and MLSC deny the allegations in paragraph 45 of the Complaint.

46.     Cyprus Amax and MLSC deny each and every allegation in the Complaint that is

not expressly admitted.

### FIRST AFFIRMATIVE DEFENSE

47.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

48.    Jurisdiction is not proper in this Court.

### THIRD AFFIRMATIVE DEFENSE

49.    Venue is not proper in this Court.

### FOURTH AFFIRMATIVE DEFENSE

50.    Plaintiff's Complaint is barred by the doctrines of laches, waiver, and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

51.    Plaintiff's Complaint is barred by plaintiff's failure to satisfy conditions

precedent.

### SIXTH AFFIRMATIVE DEFENSE

52.    Plaintiff's claim is barred by public policy regarding the handling by insurers of

coverage claims.

### SEVENTH AFFIRMATIVE DEFENSE

53.    The resolution of this case requires deciding legal and factual issues which are

currently at issue and being litigated in the underlying case, identified in paragraph 2 above, in

which all of the Coverage Claimants are defendants.  Because of the significant overlap of

factual and legal issues, this Court should stay the present action pending resolution of the

underlying action referenced above.

### EIGHTH AFFIRMATIVE DEFENSE

54.    Plaintiff's Second Cause of Action presents neither a ripe nor a justiciable

controversy.

### NINTH AFFIRMATIVE DEFENSE

55.     Cyprus Amax and MLSC are neither necessary nor proper parties to plaintiff's Second Cause of Action.

### TENTH AFFIRMATIVE DEFENSE

56.     Plaintiff is estopped by its conduct, actions, inactions, representations and omissions from denying coverage to these defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

57.     Plaintiff is obligated to provide coverage for these defendants regarding the underlying action, and plaintiff has breached its duty to defend pursuant to the Policies.

58.     Cyprus Amax and MLSC hereby adopt any and all affirmative or other defenses raised by any other defendant in this action. Cyprus Amax and MLSC further reserve the right to add to or amend their responses and affirmative defenses as further information becomes available through discovery or otherwise.

WHEREFORE, having fully answered, Cyprus Amax and MLSC pray as follows:

a.     That the Complaint be dismissed and that plaintiff take nothing thereby;

b.     That Cyprus Amax and MLSC have judgment on plaintiff's Complaint;

c.     That Cyprus Amax and MLSC be found entitled to coverage under the Policies;

d.     That Cyprus Amax and MLSC recover their attorneys' fees and costs pursuant to the applicable procedural rules and statutes; and

e.     For such other and further relief as the Court deems just under the circumstances.

Dated:  New York, New York
May 21, 2007.

Tofel & Partners, LLP

By: _____

Robert L. Tofel
800 Third Avenue, Suite 12
New York, New York 10022
Telephone:  (212) 752-0007
Facsimile:   (212) 752-8881

-and-

George Brandon (GB-0630)
Donald Wall (pro hac application to be filed)
Brian D. Kaiser (pro hac application to be filed)
SQUIRE, SANDERS & DEMPSEY L.L.P.
Two Renaissance Square
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004-4498
Telephone:  (602) 528-4000
Facsimile:   (602) 253-8129

Attorneys for Defendants
Cyprus Amax Minerals Company and
Missouri Lead Smelting Company

To:

Charles A. Booth, Esq.
Matthew C. Ferlazzo
Ford Marrin Esposito Witmeyer & Gleser L.L.P.
Wall Street Plaza
88 Pine Street
New York, New York 10036-5101

Gretchen A. Ramos, Esq.
Vance A. Woodward, Esq.
Carroll Burdick & McDonough LLP
44 Montgomery Street
San Francisco, CA  94104

Attorneys for Plaintiff

9.