# EXHIBIT 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| THE CONTINENTAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>-against-<br><br>CYPRUS AMAX MINERALS COMPANY, MISSOURI LEAD SMELTING COMPANY, HOMESTAKE LEAD COMPANY OF MISSOURI, INSURANCE COMPANY OF NORTH AMERICA, CENTURY INDEMNITY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and HARTFORD ACCIDENT & INDEMNITY COMPANY,<br><br>Defendants. | Index No. 07-101260<br><br>**ANSWER OF DEFENDANT HOMESTAKE LEAD COMPANY OF MISSOURI** |

Defendant Homestake Lead Company of Missouri ("Homestake" or "Defendant"), by its attorneys, Thelen Reid Brown Raysman & Steiner LLP, as and for its Answer to the Complaint for Declaratory Judgment (the "Complaint"), states as follows:

## NATURE OF ACTION

1. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 1 of the Complaint.

2. Defendant denies the allegations in paragraph 2 of the Complaint except admits that BNSF Railway Company ("BNSF") has brought suit against Homestake in the action styled as BNSF Railway Co. v. The Doe Run Resources Co., et al., Circuit Court for the City of St. Louis, Missouri, Case No. 052-01585 (the "BNSF Litigation"), the allegations of which complaint speak for themselves.

3. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 3 of the Complaint except admits that by letter dated

August 9, 2005, Homestake tendered to Plaintiff the defense of the BNSF Litigation and that Plaintiff denied coverage more than seventeen months later by letter dated January 29, 2007.

4. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 4 of the Complaint.

## THE PARTIES

5. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 5 of the Complaint.

6. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 6 of the Complaint.

7. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 7 of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 8 of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 9 of the Complaint.

10. Defendant admits the allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint except admits that from 1965 through April 1, 1986, Homestake had its principal place of business in San Francisco, California.

12. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 12 of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 13 of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 14 of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 15 of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 16 of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 17 of the Complaint.

## JURISDICTION AND VENUE

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

## FACTUAL BACKGROUND

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint except admits the existence of the BNSF Litigation.

23. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 23 of the Complaint except admits that by letter dated August 9, 2005, Homestake tendered to Plaintiff the defense of the BNSF Litigation.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies knowledge of information sufficient to form a belief with respect to the allegations in paragraph 25 of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 26 of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 27 of the Complaint.

28. Defendant admits the allegations in paragraph 28 of the Complaint, except denies that policy NSL1932300 became effective on 3/1/66 and expired on 3/1/68. Defendant admits that policy NSL1932300 became effective on 3/1/65 and expired on 3/1/68.

29. Defendant admits the allegations in paragraph 29 of the Complaint.

30. Defendant admits the allegations in paragraph 30 of the Complaint.

31. Defendant admits the allegations in paragraph 31 of the Complaint, except denies that policy 57CMX0050 expired on 5/1/84. Defendant admits that policy 57CMX0050 expired on 3/1/84.

## AS TO PLAINTIFF'S FIRST CAUSE OF ACTION

32. Defendant repeats and realleges responses to paragraphs 1 through 31 as if fully set forth herein.

33. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 33 of the Complaint.

34. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

## AS TO PLAINTIFF'S SECOND CAUSE OF ACTION

39. Defendant repeats and realleges responses to paragraphs 1 through 38 as if fully set forth herein.

40. Defendant denies the allegations in paragraph 40 of the Complaint, except admits that Continental owes defense and indemnity obligations to Homestake and further admits that Homestake disputes that any amount be apportioned to it.

41. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 41 of the Complaint.

42. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 42 of the Complaint.

43. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 43 of the Complaint.

44. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 44 of the Complaint.

45. Defendant denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 45 of the Complaint.

## AS AND FOR AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

46. The Complaint fails to state a cause of action against Homestake upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

47. The Court lacks jurisdiction over the person of Defendant Homestake.

### THIRD AFFIRMATIVE DEFENSE

48. Plaintiff's claims are barred, in whole or in part, by estoppel.

### FOURTH AFFIRMATIVE DEFENSE

49. Plaintiff has, in whole or in part, waived the claims set forth in its Complaint.

## FIFTH AFFIRMATIVE DEFENSE

50. Plaintiff has a duty to defend the underlying BNSF Litigation, which duty it has and continues to breach.

## SIXTH AFFIRMATIVE DEFENSE

51. Plaintiff's claims are, in whole or in part, time-barred.

## SEVENTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with contractual conditions precedent.

## EIGHTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims, in whole or in part, are barred because they are premature.

## NINTH AFFIRMATIVE DEFENSE

54. Plaintiff's claims are barred as it has acted in bad faith in disclaiming coverage for the BNSF Litigation.

WHEREFORE, Defendant Homestake Lead Company of Missouri respectfully requests that the Court enter an order granting judgment in its favor, and against Plaintiff as follows:

A. Finding that Plaintiff has a duty to defend Homestake in the BNSF Litigation, and that Plaintiff has breached its duty to defend;

B. Requiring Plaintiff to reimburse Homestake for its actual costs and expenses, including attorneys fees, incurred in defending the BNSF Litigation;

C. Dismissing Plaintiff's Complaint against Homestake, with prejudice; and

D. For such further and additional relief as the Court deems just and proper;

E.   Together with an award of actual costs and expenses, including attorneys fees, incurred by Homestake in defending this litigation.

Dated: New York, New York
       May 21, 2007

THELEN REID BROWN
RAYSMAN & STEINER LLP

By: /s/ Kathleen M. Balderston
Kathleen M. Balderston
Kristin M. Jamberdino

875 Third Avenue
New York, New York 10022
Tel: (212) 603-2000
Fax: (212) 603-2001

Attorneys for Defendant
Homestake Lead Company of Missouri

TO:  Charles A. Booth
     Matthew C. Ferlazzo
     FORD MARRIN ESPOSITO
     WITMEYER & GLESER L.L.P.
     Wall Street Plaza, 88 Pine Street
     New York, New York 10036-5101

     Gretchen A. Ramos
     Vance A. Woodward
     CARROLL BURDICK & McDONOUGH LLP
     44 Montgomery Street
     San Francisco, California 94104

     Attorneys for Plaintiff