# EXHIBIT 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------- x
THE CONTINENTAL INSURANCE COMPANY,                               :
                                                                 :  Index No. 101260/07
                    Plaintiff,                                   :
                                                                 :
        --against--                                              :  ANSWER, COUNTER-
                                                                 :  CLAIM AND
CYPRUS AMAX MINERALS COMPANY, MISSOURI                           :  CROSSCLAIMS OF
LEAD SMELTING COMPANY, HOMESTAKE LEAD                            :  CENTURY INDEMNITY
COMPANY OF MISSOURI, INSURANCE COMPANY                           :  COMPANY, ON ITS OWN
OF NORTH AMERICA, CENTURY INDEMNITY                              :  BEHALF AND AS
COMPANY, THE TRAVELERS INDEMNITY                                 :  SUCCESSOR TO CCI
COMPANY, NATIONAL UNION FIRE INSURANCE                           :  INSURANCE COMPANY,
COMPANY OF PITTSBURGH, PA and HARTFORD                           :  AS SUCCESSOR TO
ACCIDENT & INDEMNITY COMPANY,                                    :  INSURANCE COMPANY
                                                                 :  OF NORTH AMERICA,
                    Defendants.                                  :  AND ANSWER TO
---------------------------------------------------------------- x  CROSSCLAIMS

Defendant Century Indemnity Company, on its own behalf and as successor to CCI Insurance Company, as successor to Insurance Company of North America (improperly identified in the Complaint as Insurance Company of North America) ("Century Indemnity"), by its attorneys, Siegal, Napierkowski & Park and White and Williams LLP, for its Answer to the Complaint of plaintiff The Continental Insurance Company, states as follows:

AS TO NATURE OF ACTION

1-4. Paragraphs 1-4 inclusive of the Complaint make no allegations against Century Indemnity, and accordingly no response by Century Indemnity is required. To the extent a response is deemed required, Century Indemnity denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein to the extent they are directed

against parties other than Century Indemnity, and Century Indemnity denies all such allegations that are implicitly directed to at Century Indemnity.

## AS TO THE PARTIES

5-11.   Century Indemnity denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 5-12 inclusive of the Complaint

12-13.   Century Indemnity admits that it and Insurance Company of North America, are, and at all relevant times were, Pennsylvania corporations authorized to do business in New York. Century Indemnity further admits that it is successor to CCI Insurance Company, as successor to Insurance Company of North America. To the extent paragraphs 12 and 13 of the Complaint makes any other allegations against Century Indemnity, such allegations are denied.

14-16.   Century Indemnity denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 14-16 inclusive of the Complaint.

17.   Paragraph 17 of the Complaint makes no allegations against Century Indemnity, and accordingly no response by Century Indemnity is required. To the extent a response is deemed required, Century Indemnity denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein

## AS TO JURISDICTION AND VENUE

18-20.   The allegations contained in Paragraphs 18-20 inclusive of the Complaint state conclusions of law to which no response by Century Indemnity is required. To the extent a response is deemed required, Century Indemnity admits the allegations contained in Paragraphs 18-20 inclusive of the Complaint.

## AS TO FACTUAL BACKGROUND

21-25.  Century Indemnity denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 21-25 inclusive of the Complaint.

## AS TO THE LIABILITY INSURANCE POLICIES AT ISSUE

26.  Century Indemnity denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27.  Century Indemnity admits that Insurance Company of North America issued certain insurance policies to American Metal Climax, and further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Complaint. In further response, Century Indemnity states that the insurance policies issued by Insurance Company of America are documents in writing, the terms and conditions of which speak for themselves.

28.  Century Indemnity denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29.  Century Indemnity admits that Insurance Company of North America issued certain insurance policies to Homestake, and further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Complaint. In further response, Century Indemnity states that the insurance policies issued by Insurance Company of America are documents in writing, the terms and conditions of which speak for themselves.

30-31.   Century Indemnity denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 30-31 inclusive of the Complaint.

### AS TO THE FIRST CAUSE OF ACTION
(Declaratory Relief Against the Insureds – Rights and Obligations Under the Contiinental Policies for Claims)

32.   Century Indemnity repeats and realleges its answers contained in Paragraphs 1-31 above as if fully set forth herein.

33-38.   Paragraphs 33-38 inclusive of the Complaint make no allegations against Century Indemnity, and accordingly no response by Century Indemnity is required. To the extent a response is deemed required, Century Indemnity denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein to the extent they are directed against parties other than Century Indemnity, and it denies all such allegations that are implicitly directed to at Century Indemnity.

### AS TO THE SECOND CAUSE OF ACTION
(Declaratory Relief Against All Defendants: Allocation of Damages)

39.   Century Indemnity repeats and realleges its answers contained in Paragraphs 1-38 above as if fully set forth herein.

40.   Century Indemnity admits the allegations contained in Paragraph 40 of the Complaint to the extent the allegations pertain to it. To the extent the allegations contained in Paragraph 40 of the Complaint pertain to parties other than Century Indemnity, Century Indemnity denies knowledge or information sufficient to form a belief as to the truth of such allegations.

41-43.   Paragraphs 41-43 inclusive of the Complaint make no allegations against Century Indemnity, and accordingly no response by Century Indemnity is required. To the extent a response is deemed required, Century Indemnity denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein to the extent they are directed against parties other than Century Indemnity, and it denies all such allegations that are implicitly directed to at Century Indemnity.

44-45    Paragraphs 44-45 inclusive of the Complaint make no allegations against Century Indemnity, and accordingly no response by Century Indemnity is required. To the extent a response is deemed required, Century Indemnity admits the allegations contained in Paragraphs 44-45 inclusive of the Complaint.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

46.    The burden is on Cyprus Amax and/or MLS (collectively, "Amax") and/or Homestake to establish the existence, terms, and conditions of any alleged Century Indemnity policies, and Century Indemnity can have no obligation whatsoever under any alleged policy until Amax and/or Homestake has met this burden.

## SECOND SEPARATE DEFENSE

47. The Complaint is or may be subject to dismissal for failure to state a claim and/or a justiciable case or controversy against Century Indemnity upon which relief may be granted.

## THIRD SEPARATE DEFENSE

48. The claims asserted by Amax and/or Homestake at issue in this matter and/or the claims asserted by plaintiff, may be barred in whole or in part by the applicable statute of limitations and by the equitable doctrines of waiver, and/or estoppel, and/or laches, and/or unclean hands.

## FOURTH SEPARATE DEFENSE

49. The Complaint should be dismissed to the extent it fails to join all necessary and/or indispensable parties in this action.

## FIFTH SEPARATE DEFENSE

50. In the event that Amax and/or Homestake did not fulfill the requirement that it consult with and obtain the prior consent of Century Indemnity before entering into any agreements or assuming any obligations with respect to any claims for reimbursement or indemnity, Century Indemnity is entitled to a declaration that it has no obligation under the alleged Century Indemnity policies as to any such agreement or obligations.

## SIXTH SEPARATE DEFENSE

51. To the extent that the claims asserted by Amax and/or Homestake seek payment for remedial measures, including but not limited to costs of complying with government regulations or directives and for settlements or judgments with respect thereto, such claims

demand restitutionary, injunctive or equitable relief and would not constitute claims for "damages" within the meaning of any alleged Century Indemnity policies.

### SEVENTH SEPARATE DEFENSE

52. Coverage in the form of defense and indemnity under the alleged Century Indemnity policies is or would be excluded to the extent that the Claims would not constitute claims or suits within the meaning of any such alleged policies.

### EIGHTH SEPARATE DEFENSE

53. The claims asserted by Amax and/or Homestake do not constitute claims for damages on account of "bodily injury" or "personal injury" or "property damage" within the meaning of the alleged Century Indemnity policies.

### NINTH SEPARATE DEFENSE

54. Coverage under the alleged Century Indemnity policies would be barred or limited in whole or in part to the extent the insured has failed to or in the future fails to cooperate with Century Indemnity pursuant to and consistent with the alleged Century Indemnity policies.

### TENTH SEPARATE DEFENSE

55. The alleged Century Indemnity policies do not provide coverage for any entity or person not specifically named as an insured under such alleged policies.

### ELEVENTH SEPARATE DEFENSE

56. The events which give rise to the claims asserted by Amax and/or Homestake may not constitute an "occurrence" or "accident" within the meaning of the alleged Century Indemnity policies.

### TWELTH SEPARATE DEFENSE

57. There is no coverage under the alleged Century Indemnity policies for bodily injury and/or personal injury that was expected or intended by the insured.

### THIRTEENTH SEPARATE DEFENSE

58. To the extent that any injury or damage asserted in the alleged underlying claims did not take place during the effective period of the alleged Century Indemnity policies, coverage would be barred as to any such policy, which would provide coverage only for liability arising from injury or damage which took place during the policy period.

### FOURTEENTH SEPARATE DEFENSE

59. Coverage under the alleged Century Indemnity policies are or would be excluded to the extent some or all of the alleged underlying actions and/or claims may be for, or seek damages for losses, costs or expenses relating to, the withdrawal, inspection, repair, replacement or loss of use of the insured's products or work completed by or for the insured or any property of which such products or work form a part when such products are or were withdrawn from the market or from use by anyone because of any known or suspected defect or deficiency therein.

## FIFTEENTH SEPARATE DEFENSE

60. Coverage under the alleged Century Indemnity policies are or would be excluded to the extent that the alleged claims arose from risks or losses known to the insured or losses in progress prior to the inception date of such policy.

## SIXTEENTH SEPARATE DEFENSE

61. Any coverage which might be deemed to exist under the alleged Century Indemnity policies for the alleged claims (which Century Indemnity denies) would, in any event, be subject to proper exhaustion of underlying coverages, and would be limited by the limits of liability as set forth in each Century Indemnity policy.

## SEVENTEENTH SEPARATE DEFENSE

62. Any coverage which might be deemed to exist under the alleged Century Indemnity policies for the alleged claims (which Century Indemnity denies) is subject to an allocation consistent with applicable law.

## EIGHTEENTH SEPARATE DEFENSE

63. To the extent that the claims asserted by Amax and/or Homestake seek payment for defense costs, the Century Indemnity policies do not or may not provide a duty to defend and coverage for defense costs.

## NINETEENTH SEPARATE DEFENSE

64. Coverage under the alleged Century Indemnity policies is or may be excluded to the extent that the alleged claims arose out of liability assumed by the insured under a contract.

### TWENTIETH SEPARATE DEFENSE

65. Coverage under the alleged Century Indemnity policies is or may be excluded to the extent that the insured has failed to comply with all conditions precedent to coverage under such policy, including but not limited to the requirement that Century Indemnity be given timely and adequate written notice of alleged claims and that the insured otherwise cooperate with Century Indemnity.

### TWENTY-FIRST SEPARATE DEFENSE

66. Coverage under the alleged Century Indemnity policies is or may be excluded to the extent that the insured has voluntarily made any payments, assumed any obligation, or incurred any expense, relating to the alleged claims.

### TWENTY-SECOND SEPARATE DEFENSE

67. Coverage under the alleged Century Indemnity policies is or may be barred pursuant to any applicable exclusion contained within any Century Indemnity policy, including but not limited to any pollution exclusion or owned property exclusion.

### TWENTY-THIRD SEPARATE DEFENSE

68. To the extent that the insured has failed to mitigate and/or to avoid any of the losses allegedly sustained in connection with the alleged claims, Century Indemnity would not be obligated to indemnify the insured for such losses.

### TWENTY-FOURTH SEPARATE DEFENSE

69. To the extent that the alleged underlying claims seek statutory penalties and/or punitive or exemplary damages, coverage for such claims is barred under the alleged Century Indemnity policies, which would not indemnify the insured for punitive assessments

intended to deter the insured's illegal or wrongful conduct, or for fines, penalties or exemplary or treble damages, which are not damages incurred because of bodily injury or personal injury and which are uninsurable under applicable law and public policy.

### TWENTY-FIFTH SEPARATE DEFENSE

70. To the extent that the alleged underlying claims arose from injury or damage caused by the insured's wrongful, intentional or illegal conduct or resulted from the insured's violation of any statute (penal or otherwise), regulation, ordinance or public policy, coverage would be barred under the alleged Century Indemnity policies.

### TWENTY-SIXTH SEPARATE DEFENSE

71. Coverage is barred to any extent that the insured failed to disclose or misrepresented or concealed facts that were material to the risks purportedly undertaken by Century Indemnity for the purposes of inducing the issuance of the alleged Century Indemnity policies.

### TWENTY-SEVENTH SEPARATE DEFENSE

72. Century Indemnity reserves the right to raise additional defenses and to supplement those asserted herein upon discovery of further information regarding the claims of the plaintiff, the claims by Amax and/or Homestake, and the underlying claims at issue, and upon further investigation into the issuance, provisions, terms and conditions of any alleged Century Indemnity policies at issue.

## COUNTER-CLAIM AND CROSSCLAIMS
## FOR DECLARATORY JUDGMENT AND CONTRIBUTION

73. Century Indemnity repeats and realleges each of its responses and Separate Defenses to the allegations contained in the Complaint as set forth in Paragraphs 1-72 inclusive as if same were fully set forth herein.

74. Century Indemnity denies any and all liability for the liabilities set forth in the Complaint. However, if Century Indemnity is found to be obligated, then the Co-Defendant Insurers, the Plaintiff, and the non-insurer Co-Defendants also have obligations, or are primarily responsible for all or part of such losses borne by Century Indemnity, and so must make Century Indemnity whole for the damages thereby incurred by Century Indemnity through contribution, subrogation, equitable subrogation, or some other method otherwise denominated.

75. To the extent that Century Indemnity has any liability, the Co-Defendant Insurers and the Plaintiff are liable to contribute their proportional share of that liability due to their own contractual or other obligations.

76. To the extent that Century Indemnity has any liability, the non-insurer Co-Defendants are liable to contribute their proportional share of that liability for uninsured or underinsured periods pursuant to applicable law.

## ANSWER TO CROSS-CLAIMS FOR CONTRIBUTION AND INDEMNIFICATION

77.     Century Indemnity hereby denies all cross-claims filed against it or to be filed hereinafter against it, by any party to this action.

## PRAYER FOR RELIEF

WHEREFORE, Century Indemnity respectfully requests that this Court enter judgment in its favor as follows:

a.  Dismissing the Complaint in its entirety as against Century Indemnity;

b.  Declaring that Century Indemnity has no duty to defend or indemnify Amax and/or Homestake with respect to the underlying claims at issue;

c.  Declaring the respective rights and obligations of the parties hereto under the alleged Century Indemnity policies at issue and the policies issued by other parties that are the subject of the instant declaratory judgment action;

  d. Awarding Century Indemnity its costs, disbursements, and attorneys' fees in this action; and

  e. Granting such other and further relief as the Court deems just and proper.

Date: May 29, 2007  By: _____
           Jerrald J. Hochman
           Siegal, Napierkowski & Park
           533 Fellowship Road, Suite 120
           Mt. Laurel, NJ 08054
           (856) 380-8900
           *Attorneys for defendant*
           *Century Indemnity Company*

Dated: May 31, 2007  By: _____
           Rafael Vergara
           White and Williams, LLP
           One Penn Plaza, Suite 1801
           New York, NY 10119
           Phone: 212-244-9500
           *Attorneys for defendant*
           *Century Indemnity Company*

Page 14 of 14

NYCDMS 22040v.1                       AMAX.NY.ANS