# EXHIBIT 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| THE CONTINENTAL INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>v.<br><br>CYPRUS AMAX MINERALS COMPANY, MISSOURI LEAD SMELTING COMPANY, HOMESTAKE LEAD COMPANY OF MISSOURI, INSURANCE COMPANY OF NORTH AMERICA, CENTURY INDEMNITY COMPANY, THE TRAVELERS INDEMNITY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and HARTFORD ACCIDENT AND INDEMNITY COMPANY,<br><br>            Defendants. | Index No. 0101260/07<br><br>**ANSWER, COUNTERCLAIMS AND CROSS-CLAIMS OF DEFENDANT HARTFORD ACCIDENT AND INDEMNITY COMPANY** |

Defendant Hartford Accident and Indemnity Company ("Hartford") hereby answers the Complaint for Declaratory Judgment ("Complaint") pursuant to the Civil Practice Law and Rules, and responds to Plaintiff's allegations as follows:

### NATURE OF THE ACTION

1.       Paragraph 1 contains legal argument and conclusions to which no response is required. To the extent a response is required, Hartford states that, while it lacks information sufficient to establish what Plaintiff seeks, this appears to be a civil action attempting to obtain declaratory relief relating to Plaintiff's obligation to defend and indemnify the Coverage Claimants (as that term is defined in the Complaint) under the Continental Policies (as that term is defined in the Complaint). Hartford further states that, to the extent a response is required, in

all other respects, Hartford lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1 and, on that basis, denies them.

2.      Hartford admits that BNSF has sued the Coverage Claimants in connection with settlements paid in relation to alleged bodily injury claims and remediation costs caused by alleged lead pollution.  In all other respects, Hartford lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 2 and, on that basis, denies them.

3.      Paragraph 3 contains legal argument and conclusions to which no response is required.  To the extent a response is required, Hartford admits that this appears to be a civil action attempting to obtain declaratory relief relating to Plaintiff's obligation to defend and indemnify the Coverage Claimants pursuant to the Continental Policies for claims asserted by BNSF against Homestake (the "BNSF Action").  Hartford further states that, to the extent any additional response is required, Hartford lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 3 and, on that basis, denies them.

4.      Paragraph 4 contains legal argument and conclusions to which no response is required.  To the extent a response is required, Hartford admits that this appears to be a civil action attempting, on a contingent basis, to obtain declaratory relief among Plaintiff and various insurance companies, including Hartford.  Hartford further states that, to the extent any additional response is required, Hartford lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4 and, on that basis, denies them.

## THE PARTIES

5.      Hartford lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 5 and, on that basis, denies them.

6.      Hartford lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 6 and, on that basis, denies them.

7.      Hartford lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 7 and, on that basis, denies them.

8.      Hartford lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 8 and, on that basis, denies them.

9.      Hartford lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9 and, on that basis, denies them.

10.      Hartford lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 10 and, on that basis, denies them.

11.      Hartford lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 11 and, on that basis, denies them.

12.      Paragraph 12 contains allegations that relate to other defendants and, as a result, no response is required.  To the extent a response is required, Hartford states that it lacks sufficient information to form a belief as to the truth of the allegations found in Paragraph 12 and, on that basis, denies them.

13.      Paragraph 13 contains allegations that relate to other defendants and, as a result, no response is required.  To the extent a response is required, Hartford states that it lacks sufficient information to form a belief as to the truth of the allegations found in Paragraph 13 and, on that basis, denies them.

14.      Admitted.

15.      Paragraph 15 contains allegations that relate to other defendants and, as a result, no response is required.  To the extent a response is required, Hartford states that it lacks

sufficient information to form a belief as to the truth of the allegations found in Paragraph 15 and, on that basis, denies them.

16.    Paragraph 16 contains allegations that relate to other defendants and, as a result, no response is required.  To the extent a response is required, Hartford states that it lacks sufficient information to form a belief as to the truth of the allegations found in Paragraph 16 and, on that basis, denies them.

17.    Paragraph 17 contains no factual allegations that require a response.

## JURISDICTION AND VENUE

18.    Paragraph 18 contains legal allegations and calls for legal conclusions to which no response is required.  To the extent Paragraph 18 makes allegations of fact, or to the extent a response is otherwise required, Hartford states that it lacks sufficient information to form a belief as to the truth of those allegations and, on that basis, denies them.

19.    Paragraph 19 contains legal allegations and calls for legal conclusions to which no response is required.  To the extent Paragraph 19 makes allegations of fact, or to the extent a response is otherwise required, Hartford states that it lacks sufficient information to form a belief as to the truth of those allegations and, on that basis, denies them.

20.    Paragraph 20 contains legal allegations and calls for legal conclusions to which no response is required.  To the extent Paragraph 20 makes allegations of fact, or to the extent a response is otherwise required, Hartford states that it lacks sufficient information to form a belief as to the truth of those allegations and, on that basis, denies them.

## FACTUAL BACKGROUND

21.    Hartford lacks sufficient information to form a belief as to the truth of the statements contained in Paragraph 21 and, on that basis, denies them.

22.     Hartford admits that BNSF has filed the BNSF Action against the Coverage Claimants seeking to recover amounts paid relating to alleged bodily injury claims and remediation costs as a result of alleged property damage caused by lead pollution.  To the extent a further response is required, Hartford lacks sufficient information to form a belief as to the truth of the statements contained in Paragraph 22 and, on that basis, denies them.

23.     Hartford lacks sufficient information to form a belief as to the truth of the statements contained in Paragraph 23 and, on that basis, denies them.

24.     Hartford lacks sufficient information to form a belief as to the truth of the statements contained in Paragraph 24 and, on that basis, denies them.

25.     Hartford lacks sufficient information to form a belief as to the truth of the statements contained in Paragraph 25 and, on that basis, denies them.

## THE LIABILITY POLICIES AT ISSUE

26.     Hartford states that it lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 26 and, on that basis, denies them.

27.     Paragraph 27 consists of legal allegations and/or allegations relating to other defendants, to which no response from Hartford is necessary.  To the extent a response is required, Hartford states that it lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 27 and, on that basis, denies them.

28.     Paragraph 28 consists of legal allegations and/or allegations relating to other defendants, to which no response from Hartford is necessary.  To the extent a response is required, Hartford states that it lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 28 and, on that basis, denies them.

29.     Paragraph 29 consists of legal allegations and/or allegations relating to other defendants, to which no response from Hartford is necessary.  To the extent a response is required, Hartford states that it lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 29 and, on that basis, denies them.

30.     Paragraph 30 consists of legal allegations and/or allegations relating to other defendants, to which no response from Hartford is necessary.  To the extent a response is required, Hartford states that it lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 30 and, on that basis, denies them.

31.     Denied as stated.  Hartford admits that it issued certain liability insurance policies, with the policy numbers identified by Plaintiff, naming Homestake as an insured.  Hartford further admits that the policy periods identified in Paragraph 31 are correct except that Hartford policy number 57 C MX0050 was canceled effective March 1, 1984.

### FIRST CAUSE OF ACTION
(Declaratory Relief Against the Insureds – Rights and Obligations Under the Continental Policies for Claims)

32.     Hartford incorporates by reference its responses to Paragraphs one through thirty-one.

33.     Paragraph 33 consists of legal allegations and/or allegations relating to other defendants to which no response from Hartford is necessary.  To the extent a response is required, Hartford states that it lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 33 and, on that basis, denies them.

34.     Paragraph 34 contains legal allegations and/or allegations relating to other defendants to which no response from Hartford is necessary.  To the extent a response is required,

Hartford states that it lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 34 and, on that basis, denies them.

35.     Paragraph 35 contains legal allegations and/or allegations relating to other defendants to which no response from Hartford is necessary. To the extent a response is required, Hartford states that it lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 35 and, on that basis, denies them.

36.     Paragraph 36 consists of legal allegations and/or allegations relating to other defendants to which no response from Hartford is necessary. To the extent a response is required, Hartford states that it lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 36 and, on that basis, denies them.

37.     Paragraph 37 consists of legal allegations and/or allegations relating to other defendants to which no response from Hartford is necessary. To the extent a response is required, Hartford states that it lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 37 and, on that basis, denies them.

38.     Paragraph 38 consists of legal allegations and/or allegations relating to other defendants to which no response from Hartford is necessary. To the extent a response is required, Hartford states that it lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 38 and, on that basis, denies them.

## SECOND CAUSE OF ACTION
(Declaratory Relief against all Defendants: Allocation of Damages)

39.     Hartford incorporates its responses to Paragraphs one through thirty-eight.

40.     Paragraph 40 consists of legal allegations and/or allegations relating to other defendants to which no response from Hartford is necessary. To the extent a response is required,

Hartford states that it lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 40 and, on that basis, denies them.

41.     Paragraph 41 consists of legal allegations and/or allegations relating to other defendants to which no response from Hartford is necessary. To the extent a response is required, Hartford denies that it is liable to Plaintiff under any theory of contribution, subrogation, allocation, apportionment, indemnification or setoff. Hartford further states, to the extent a response is required, that it lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 41 and, on that basis, denies them.

42.     Paragraph 42 consists of legal allegations and/or allegations relating to other defendants to which no response from Hartford is necessary. To the extent a response is required, Hartford denies that it is liable to Plaintiff under any theory of contribution, subrogation, allocation, apportionment, indemnification or setoff. Hartford further states, to the extent a response is required, that it lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 42 and, on that basis, denies them.

43.     Paragraph 43 consists of legal allegations and/or allegations relating to other defendants to which no response from Hartford is necessary. To the extent a response is required, Hartford denies that it is liable to Plaintiff under any theory of contribution, subrogation, allocation, apportionment, indemnification or setoff. Hartford further states, to the extent a response is required, that it lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 43 and, on that basis, denies them.

44.     Paragraph 44 consists of legal allegations and/or allegations relating to other defendants to which no response from Hartford is necessary. To the extent a response is required,

Hartford states that it lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 44 and, on that basis, denies them.

45.    Paragraph 45 consists of legal allegations and/or allegations relating to other defendants to which no response from Hartford is necessary. To the extent a response is required, Hartford states that it lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 45 and, on that basis, denies them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

46.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

47.    Some or all of Plaintiff's claims against Hartford may be barred by the applicable statute of limitations and/or the doctrines of laches, unclean hands, waiver, and estoppel.

### THIRD AFFIRMATIVE DEFENSE

48.    Some or all of Plaintiff's claims against Hartford may be unripe or otherwise unjusticiable.

### FOURTH AFFIRMATIVE DEFENSE

49.    Plaintiff's claims against Hartford may be barred by the doctrines of res judicata, collateral estoppel, judicial estoppel, or issue preclusion.

### FIFTH AFFIRMATIVE DEFENSE

50.    Hartford's coverage obligations, if any, are limited according to the terms, conditions, limits, and exclusions of the policies that Hartford issued under which Homestake is a named insured or additional insured (the "Hartford Policies"), including without limitation any conditions precedent, per occurrence and aggregate limits of liability, deductibles, self-insured

retentions, policy periods, requirements of exhaustion of other insurance, notice requirements, cooperation requirements, and exclusions contained therein.

### SIXTH AFFIRMATIVE DEFENSE

51.    Coverage for the insured's claim under the Hartford Policies is or may be barred by the doctrines of known risk, known loss, loss in progress, and non-fortuity.

### SEVENTH AFFIRMATIVE DEFENSE

52.    Plaintiff's claim is barred to the extent the liability arising out of the underlying claims did not arise from an "occurrence" as that term is used in the Hartford Policies.

### EIGHTH AFFIRMATIVE DEFENSE

53.    Plaintiff's claim against Hartford is barred to the extent it seeks contribution towards costs or indemnity for entities not named as insureds or otherwise covered under the Hartford Policies.

### NINTH AFFIRMATIVE DEFENSE

54.    Plaintiff's claim against Hartford is barred to the extent that the insured failed to provide Hartford with timely notice of occurrence, claim, or any other developments likely to affect Hartford's potential liability.

### TENTH AFFIRMATIVE DEFENSE

55.    Plaintiff's claim against Hartford may be barred to the extent the insured has failed to comply with all necessary conditions precedent to coverage under the Hartford Policies including, but not limited to, the insured's duty of cooperation.

### ELEVENTH AFFIRMATIVE DEFENSE

56.    Hartford's obligations, if any, are limited to the limits of liability stated in the Hartford Policies including, without limitation, the per occurrence and aggregate limits.

### TWELFTH AFFIRMATIVE DEFENSE

57.    Plaintiff's claim against Hartford is barred to the extent that any bodily injury or property damage alleged in the underlying claims occurred prior to the inception of the Hartford policies or after the expiration date of the Hartford Policies.  To the extent such bodily injury or property damage occurred outside the periods of the Hartford Policies, Hartford has no obligation to contribute to the payment of indemnity or defense costs associated with such underlying injury or damage.

### THIRTEENTH AFFIRMATIVE DEFENSE

58.    Plaintiff's claim against Hartford is barred to the extent the underlying claims involve bodily injury or property damage that was expected or intended from the standpoint of the insured.

### FOURTEENTH AFFIRMATIVE DEFENSE

59.    Plaintiff's claim against Hartford is or may be barred by the exclusions contained in the Hartford Policies, including without limitation any pollution exclusions contained therein.

### FIFTEENTH AFFIRMATIVE DEFENSE

60.    To the extent that any claim seeks recovery for equitable, mandatory, or injunctive liability that the insured has become obligated to pay as damages, Hartford has no obligation to contribute to the indemnity or defense of the insured.

### SIXTEENTH AFFIRMATIVE DEFENSE

61.    Plaintiff's claim and any potential recovery against Hartford are barred and must be reduced by any amount by which the insured has failed to mitigate, minimize or avoid damages that it has suffered.

## SEVENTEENTH AFFIRMATIVE DEFENSE

62.    Plaintiff's claim is barred to the extent it seeks defense or indemnification for liability arising out of any insured's conduct in disregard of legal obligations under federal, state, or local law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

63.    Hartford's obligation, if any, to contribute to indemnify the insured is limited to those sums that the insured becomes legally obligated to pay as damages.

## NINETEENTH AFFIRMATIVE DEFENSE

64.    Hartford's coverage obligations under the Hartford policies are or may be barred by the "workmen's compensation" exclusion, the "course of employment" exclusion, or other exclusions related to employee injuries.

## TWENTIETH AFFIRMATIVE DEFENSE

65.    Hartford is not obligated to contribute to the defense or indemnification of the insured for punitive or exemplary damages, fines, penalties, or costs or damages that are uninsurable as a matter of public policy or applicable law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

66.    To the extent that other valid and collectible insurance is available to cover the loss otherwise covered by the Hartford policies, Hartford's coverage obligation is subject to the "other insurance" clause contained in the Hartford Policies.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

67.    Plaintiff has failed to join one or more necessary and indispensable parties to this action.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

73.    Hartford's coverage obligations, if any, are subject to all applicable self-insured retentions and deductibles.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

74.    The Hartford policies do not provide coverage in place of other insurance that is or that becomes invalid, uncollectable, or otherwise unavailable due to insolvency of the insurer or the inaction of others.

### THIRTIETH AFFIRMATIVE DEFENSE

75.    Hartford asserts all applicable defenses asserted by any other Defendant in this action.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

76.    Hartford reserves the right to assert additional defenses upon further discovery of Plaintiff's claim, upon further discovery regarding the underlying claims, and upon development of any other pertinent information.

### COUNTERCLAIMS AND CROSS-CLAIMS

### FIRST CAUSE OF ACTION
(Breach of Contract Against Continental, Travelers, and National Union)

77.    On information and belief, Homestake has incurred certain defense and indemnity costs independent of the BNSF Action (hereinafter, "Past Costs").

78,    In response to Homestake's demand for coverage for these Past Costs, Plaintiff and the Insurer Defendants agreed to share these costs (the "Past Costs Agreement").

79.    To the extent the insurers of Homestake and/or Amax are responsible for reimbursing Homestake for Past Costs, Plaintiff, Travelers, and National Union are each responsible for its appropriate share of those costs.

80.    Plaintiff, Travelers and/or National Union have breached the Past Costs Agreement by refusing to pay their respective shares, under the Past Costs Agreement, with respect to some or all of the Past Costs.

81.    As a result of this breach, Hartford has or may be required to pay costs that Plaintiff, Travelers and/or National Union are required to pay under the Past Costs Agreement.

82.    To the extent Hartford is required to pay such costs, Hartford is entitled to reimbursement in an amount equal to such costs plus interest.

## SECOND CAUSE OF ACTION
(Contribution, Setoff or Similar Relief Against Continental, INA, National Union, and Travelers)

83.    Hartford realleges and incorporates Paragraphs seventy-seven through eighty-two as if fully set forth herein.

84.    Homestake alleges that it has incurred substantial costs in relation to the Past Costs and the BNSF Action.

85.    To the extent that the Court determines that such costs are covered by the Hartford Policies, and that Hartford is required to pay, or has paid, more than its appropriate pro rata share, Hartford is entitled to reimbursement from Continental, INA, National Union, and/or Travelers in an amount equal to the costs allocable to their respective shares.

## JURY DEMAND

Hartford hereby demands a trial by jury as to all issues so triable herein.

## PRAYER

WHEREFORE, Hartford prays for judgment (i) dismissing Plaintiff's claim against Hartford with prejudice; (ii) awarding Hartford monetary damages as a result of Plaintiff's, Travelers and/or National Union's breach of the Past Costs Agreement; (iii) declaring that Hartford is entitled to contribution (or other similar relief) from Plaintiff, National Union, Travelers, and/or INA for defense and/or indemnity costs paid by Hartford that are allocable to Continental or the insurer defendants; (iv) awarding Hartford costs and attorneys' fees; and (v) awarding Hartford such further relief as the Court may deem appropriate.

Dated: June 1, 2007

Tracy L. Udell
HOGAN & HARTSON LLP
875 Third Avenue
New York, NY 10022
(212) 918-3000

- and -

James P. Ruggeri
Joshua D. Weinberg
HOGAN & HARTSON LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600

Attorneys for Defendant Hartford Accident
and Indemnity Company