**LEWIS BRISBOIS BISGAARD & SMITH** LLP
JAMIE VELS, SB# 156469
E-Mail: vels@lbbslaw.com
RENÉ I. GAMBOA, SB# 136166
E-Mail: gamboa@lbbslaw.com
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMESTAKE LEAD COMPANY OF MISSOURI,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and THE CONTINENTAL INSURANCE COMPANY,<br><br>Defendants. | CASE NO. C07 2634 EMC<br><br>**ANSWER OF DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**<br><br>Judge:   Magistrate Judge Edward M. Chen<br>Dept.:   Courtroom C<br><br>Action Filed:   May 17, 2007<br>Trial Date:   No Trial Set |

COMES NOW, DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union"), reserving all rights, and hereby answers the Complaint of Homestake Lead Company of Missouri ("Plaintiff"), as follows:

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

1.   Answering Paragraph 1, this paragraph contains legal argument and conclusions to which no response is required. To the extent a response is required, National Union states that while it lacks sufficient information to confirm what Plaintiff seeks, this appears to be a civil action seeking Declaratory Relief relating to National Union's duty to reimburse Plaintiff for defense fees and costs incurred in connection with certain underlying claims. National Union further states that to the extent a response is required, in all other respects, National Union lacks

1  sufficient information to form a belief as to the truth of the allegations contained in paragraph 1
2  and, on that basis, denies them.

3      2.    Answering Paragraph 2, National Union admits only that the policies purportedly at
4  issue in this litigation, *i.e.,* those policies issued by National Union to Plaintiff and in effect for
5  consecutive annual policy periods from December 1, 1993 to December 1, 2001 (hereinafter the
6  "National Union Policies"), were procured by Plaintiff's broker of record in San Francisco,
7  California and issued by National Union in San Francisco, California. Otherwise, National Union
8  lacks sufficient information to form a belief as to the truth of the remaining allegations asserted
9  against it in paragraph 2 and, on that basis, denies them. Further, to the extent certain allegations
10 set forth in paragraph 2 are directed to the other defendant, Continental Insurance Company
11 ("Continental"), National Union lacks sufficient information to form a belief as to the truth of the
12 allegations asserted against the other defendant, in paragraph 2, National Union states that it lacks
13 sufficient information to form a belief as to the truth of those allegations and, on that basis, denies
14 them.

15     3.    Answering Paragraph 3, National Union admits only that the policies purportedly at
16 issue in this litigation, *i.e.,* the National Union Policies, were procured by Plaintiff's broker of
17 record in San Francisco, California and issued by National Union in San Francisco, California.
18 Further, to the extent a response is otherwise required to the remaining allegations set forth in
19 paragraph 3, National Union states that it lacks sufficient information to form a belief as to the
20 truth of those allegations and, on that basis, denies them.

21 ## THE PARTIES

22     4.    Answering paragraph 4, National Union states that it lacks sufficient information to
23 form a belief as to the truth of the allegations contained in paragraph 4 and, on that basis, denies
24 them.

25     5.    Answering paragraph 5, National Union admits that it was and is a corporation
26 organized and existing under the laws of the state of Pennsylvania with its principal place of
27 business in New York and that it is authorized to do and is doing business in the state of
28 California. National Union further admits that it issued eight commercial general liability

insurance policies to Homestake Mining Company, under which Plaintiff was included, by endorsement, as a named insured, for consecutive annual periods from December 1, 1993 to December 1, 2001 (the National Union Policies). Finally, National Union admits only that the National Union Policies contain defense and indemnity provisions that are subject to the terms, conditions, endorsements and exclusions set forth in and/or incorporated as part of the National Union Policies.

6. Answering paragraph 6, National Union finds that paragraph contains allegations that relate to the other defendant, Continental, and, as a result, no responses required. To the extent a response is required, National Union states that it lacks sufficient information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies them.

## FACTUAL BACKGROUND

### The Ellison Claims

7. Answering paragraph 7, National Union admits the allegations set forth therein.

8. Answering paragraph 8, National Union admits only that on November 22, 2000 Homestake tendered the first of the suits to National Union for coverage and that at some date thereafter, Homestake tendered 106 additional suits to National Union under the National Union Policies. Further, paragraph 8 contains allegations that relate to the other defendant, Continental, and, as a result, no response is required. To the extent a response is required, National Union states that it lacks sufficient information to form a belief as to the truth of the allegations found in paragraph 8 and, on that basis, denies them.

9. Answering paragraph 9, National Union finds this paragraph contains allegations that relate to the other defendant, Continental, and, as a result, no response is required. To the extent a response is required, National Union states that it lacks sufficient information to form a belief as to the truth of the allegations found in paragraph 9 and, on that basis, denies them.

10. Answering paragraph 10, National Union admits only that Homestake tendered seven additional "Ellison Claims" to National Union for coverage and that as a result, the total number of Ellison Claims tendered increased to 114. Further, paragraph 10 contains allegations that relate to the other defendant, Continental, and, as a result, no response is required. To the

1  extent a response is required, National Union lacks sufficient information to form a belief as to the truth of those allegations found in paragraph 10 and, on that basis, denies them.

3.   11.   Answering paragraph 11, National Union admits the allegations set forth therein.

4.   12.   Answering paragraph 12, National Union admits only that by letter dated January 6, 2003, it agreed, under a complete reservation of rights and subject to the terms, conditions and limitations set forth in that letter, to participate in a cost-sharing agreement for purposes of funding Homestake's defense in the Ellison Claims under National Union policy numbers GL 612-2420 and GL 612-31-67 based on National Union's then understanding that those policies did not contain Self-Insured Retention endorsements and thus were not subject to a $250,000 Self-Insured Retention ("SIR"). Further, to the extent the allegations in paragraph 12 suggest that National Union's agreement to defend the Ellison Claims in cooperation with Plaintiff's other insurers pursuant to the cost-sharing agreement was unequivocal and without reservation, National Union denies such allegations.

14.  13.   Answering paragraph 13, National Union admits that in or about January 2003, National Union and Homestake's other insurers agreed among themselves to share Homestake's defense costs in certain proportions/allocated percentages and that National Union confirmed in writing to Homestake that it had entered into the cost-sharing agreement with Continental as well as Plaintiff's other insurer's for purposes of funding Homestake's defense in connection with the Ellison Claims but that National Union's participation in the cost-sharing agreement was under a full reservation of rights including the right to reimbursement, allocation, indemnification, contribution and/or subrogation. National Union further advised Plaintiff that National Union's participation in the cost-sharing agreement in no way constituted a waiver of any right to disclaim liability or coverage under any of the National Union Policies for any reason.

24.  14.   Answering paragraph 14, National Union admits the allegations set forth therein. Further, to the extent certain allegations set forth in paragraph 14 are directed to the other defendant, Continental, National Union lacks sufficient information to form a belief as to the truth of the allegations asserted against Continental in paragraph 14 and, on that basis, denies them

28  ///

15.   Answering paragraph 15, National Union admits only that on or about February and March 2003, Homestake informed National Union of a provision of the settlement of the ELLISON CLAIMS by which Plaintiff would release certain co-defendants in those cases from claims for indemnity and contribution which Plaintiff had against those co-defendants; and that on or about March 5, 2003 Plaintiff asked National Union to confirm that National Union would not invoke its prior reservation of rights to the detriment of Homestake. To the extent the remaining allegations are directed to National Union, National Union denies, generally and specifically, the remaining allegations set forth in paragraph 15. Further, to the extent certain allegations are directed to the other defendant, Continental, National Union lacks sufficient information to form a belief as to the truth of those remaining allegations found in paragraph 15 and, on that basis, denies them.

16.   Answering paragraph 16, National Union states that it lacks sufficient information to form a belief as to the truth of the allegations contained therein and, on that basis, denies those allegations. Further, to the extent paragraph 16 contains allegations that relate to the other defendant, Continental, no response is required. To the extent a response is required to the allegations against Continental, National Union States that it lacks sufficient information to form a belief as to the truth of those allegations, and, on that basis, denies them.

17.   Answering paragraph 17, National Union states that to the extent that paragraph contains allegations that relate to the other defendant, Continental, no response is required. To the extent a response is required to the allegations against Continental, National Union States that it lacks sufficient information to form a belief as to the truth of those allegations, only and, on that basis, denies them. Otherwise, National Union admits the remaining allegations set forth in paragraph 17.

### The Bray Claims

18.   Answering paragraph 18, National Union admits only that on or about May 23, 2003 Plaintiff tendered to National Union, among other insurers, 90 additional bodily injury claims for coverage and that those claims and/or suits had been referred to by Plaintiff as the "Bray Claims." Otherwise, National Union lacks sufficient information to form a belief as to the truth of

1  the remaining allegations asserted against it in paragraph 18 and, on that basis, denies them.
2  Further, to the extent certain allegations set forth in paragraph 18 are directed to the other
3  defendant, Continental, National Union lacks sufficient information to form a belief as to the truth
4  of the allegations asserted against Continental in paragraph 18 and, on that basis, denies them.

5      19. Answering paragraph 19, National Union admits only the allegations asserted
6  against it therein. Further, to the extent certain allegations set forth in paragraph 19 are directed to
7  the other defendant, Continental, National Union lacks sufficient information to form a belief as to
8  the truth of the allegations asserted against Continental in paragraph 19 and, on that basis, denies
9  them.

10      20. Answering paragraph 20, National Union admits only that it authorized the
11  settlement of the Bray Claims and agreed to pay its allocated share of that settlement.

12      21. Answering paragraph 21, National Union states that paragraph contains allegations
13  that relate solely to the other defendant, Continental, and as a result, no response is required. To
14  the extent a response is required, National Union lacks sufficient information to form a belief as to
15  the truth of the allegations found in paragraph 21 and, on that basis, denies them.

16      22. Answering paragraph 22, National Union admits the allegations set forth therein.
17  Further, to the extent certain allegations set forth in paragraph 22 are directed to the other
18  defendant, Continental, National Union lacks sufficient information to form a belief as to the truth
19  of the allegations asserted against Continental in paragraph 22 and, on that basis, denies them.

20      23. Answering paragraph 23, National Union admits only that in late 2004 it authorized
21  Plaintiff's defense counsel to settle the Bray Claims without the participation of Plaintiff's "fifth
22  insurer, the Travelers' Indemnity Company." Otherwise, National Union lacks sufficient
23  information upon which to form a belief as to the truth of the remaining allegations contained in
24  paragraph 23 including, but not limited to, any and all allegations asserted against the other
25  defendant, Continental, and on that basis, denies them.

26      24. Answering paragraph 24, National Union lacks sufficient information to form a
27  belief as to the truth of the allegations contained therein and, on that basis, denies them.
28  ///

25. Answering paragraph 25, National Union admits only that after it first learned, contrary to its original understanding, that National Union Policy numbers RM GL 612-24-20 (effective 12/01/98 to 12/01/99) and RM GL 612-31-67 (effective 12/01/99 to 12/01/00 and 12/01/00 to 12/01/01) did in fact include SIR endorsements and secured a copy of the applicable SIR endorsements, National Union advised Plaintiff and/or Plaintiff's counsel that National Union was invoking its rights previously reserved, including the right to refuse to pay any future defense costs, until and unless the $250,000 SIR set forth in each of the National Union Policies was properly satisfied. Further, to the extent certain allegations set forth in paragraph 25 are directed to the other defendant, Continental, National Union lacks sufficient information to form a belief as to the truth of the allegations asserted against Continental in paragraph 25 and, on that basis, denies them. Additionally, National Union lacks sufficient information to form a belief as to the truth of the remaining allegation set forth in paragraph 25 and, on that basis, denies them.

26. Answering paragraph 26, National Union admits that Plaintiff made demands to National Union as well as Plaintiff's other insurers, that they pay all outstanding defense costs in full. National Union further admits it made payments to Plaintiff for defense costs incurred in connection with the Ellison and Bray Claims prior to determining and confirming that National Union Policy numbers RM GL 612-24-20 (effective 12/01/98 to 12/01/99) and RM GL 612-31-67 (effective 12/01/99 to 12/01/00 and 12/01/00 to 12/01/01) did in fact contain SIR endorsements. Moreover, National Union admits that after the discovery of those SIR endorsements and the fact that National Union Policy numbers RM GL 612-24-20 (effective 12/01/98 to 12/01/99) and RM GL 612-31-67 (effective 12/01/99 to 12/01/00 and 12/01/00 to 12/01/01), like the earlier National Union Policies (in effect between 12/01/93 to 12/01/98), were each subject to a $250,000 SIR, National Union refused to make any other payments to reimburse Plaintiff for defense costs incurred in the underlying claims. To the extent the remaining allegations are directed to National Union, National Union denies, generally and specifically, those remaining allegations set forth in paragraph 26. To the extent certain remaining allegations are directed to the other defendant, Continental, National Union lacks sufficient information to form a belief as to the truth of those remaining allegations contained in paragraph 26 and, on that basis, denies them.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

27. Answering paragraph 27, National Union incorporates by reference its responses to paragraphs 1 - 26.

28. Answering paragraph 28, this paragraph consists of legal allegations and/or allegations relating to the other defendant, Continental, to which no response from National Union is necessary. To the extent a response is required, National Union states that it lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 28 and, on that basis, denies them.

29. Answering paragraph 29, this paragraph consists of legal allegations/conclusions and/or allegations relating to the other defendant, Continental, to which no response from National Union is necessary. To the extent a response is required, National Union denies that it breached and/or repudiated any purported defense obligations owed to Plaintiff in connection with the Ellison and/or Bray Claims or that National Union had a duty to reimburse Plaintiff for all outstanding defense costs incurred in connection with those claims. National Union further states that to the extent a response is required with respect to those allegations asserted against the other defendant, Continental, National Union lacks sufficient information to form a belief as to the truth of those remaining allegations contained in paragraph 29, and on that basis, denies them.

30. Answering paragraph 30, this paragraph consists of legal allegations and/or allegations relating to other defendants to which no response from National Union is necessary. To the extent a response is required, National Union denies that it is liable to Plaintiff under a theory of breach of contract. National Union further states, to the extent a response is required with respect to those allegations asserted against the other defendant, Continental, that National Union lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 30 and, on that basis, denies them.

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

31. Answering paragraph 31, National Union incorporates its responses to paragraphs 1 - 30.

32. Answering paragraph 32, this paragraph consists of legal allegations and allegations relating to the other defendant, Continental, to which no response from National Union is necessary. To the extent a response is required, National Union states that it lacks sufficient information to form a belief as to the truth of the legal allegations/conclusions and allegations asserted against the other defendant, Continental, contained in paragraph 32 and, on that basis, denies them.

33. Answering paragraph 33, this paragraph consists of legal allegations and allegations relating to the other defendant, Continental, to which no response from National Union is necessary. To the extent a response is required, National Union states that it lacks sufficient information to form a belief as to the truth of the legal allegations/conclusions and allegations asserted against the other defendant, Continental, contained in paragraph 33 and, on that basis, denies them.

34. Answering paragraph 34, National Union admits only that it has an obligation to act fairly and in good faith toward its insured, Plaintiff, but otherwise denies that it owes a duty to reimburse Homestake for reasonable defense costs before the applicable $250,000 SIR provided in each of the National Union Policies, has been properly satisfied. Further, to the extent certain allegations set forth in paragraph 34 are directed to the other defendant, Continental, National Union lacks sufficient information to form a belief as to the truth of the allegations asserted against Continental in paragraph 34 and, on that basis, denies them.

35. Answering paragraph 35, National Union admits only that once it discovered that, contrary to its original understanding, National Union Policy numbers RM GL 612-24-20 (effective 12/01/98 to 12/01/99) and RM GL 612-31-67 (effective 12/01/99 to 12/01/00 and 12/01/00 to 12/01/01) were subject to a $250,000 SIR (similar to the preceding National Union Policies in effect between 12/01/93 to 12/01/98), National Union properly refused to pay any

future defense costs until and unless the $250,000 SIR was properly satisfied. National Union further states that to the extent a response is required to the legal/conclusory allegations set forth in paragraph 35, it lacks sufficient information to form a belief as to the truth of those allegations contained in paragraph 35 and, on that basis, denies them. Moreover, to the extent certain allegations set forth in paragraph 35 are directed to the other defendant, Continental, National Union lacks sufficient information to form a belief as to the truth of the allegations asserted against Continental in paragraph 35 and, on that basis, denies them.

36. Answering paragraph 36, this paragraph consists of legal allegations/conclusions and allegations relating to the other defendant, Continental, to which no response from National Union is necessary. To the extent a response is required, National Union states that it lacks sufficient information to form a belief as to the truth of the legal allegations/conclusions and allegations asserted against the other defendant, Continental, contained in paragraph 36 and, on that basis, denies them.

### THIRD CAUSE OF ACTION

**(Declaratory Relief)**

37. Answering paragraph 37, National Union incorporates its responses to paragraphs 1 - 36.

38. Answering paragraph 38, this paragraph consists of legal allegations/conclusions to and allegations against the other defendant, Continental, to which no response from National Union is necessary. To the extent a response is required, National Union states it lacks sufficient information to form a belief as to the truth of the legal allegations/conclusions and the allegations asserted against Continental contained in paragraph 38 and, on that basis, denies them.

39. Answering paragraph 39, this paragraph consists of legal allegations/conclusions and allegations relating to the other defendant, Continental, to which no response from National Union is necessary. To the extent a response is required, National Union denies that it has any obligation to reimburse Plaintiff for past legal fees and expenses incurred in defending the Ellison and Bray Claims until and unless the $250,000 SIR set forth in each of the National Union Policies is properly satisfied. National Union further states, to the extent a response is required to the legal

allegations and/or allegations against the other defendant, Continental, that it lacks sufficient information to form a belief as to the truth of those allegations contained in paragraph 39 and, on that basis, denies them.

40. Answering paragraph 40, this paragraph consists of legal allegations and allegations relating to other defendant, Continental, to which no response from National Union is necessary. To the extent a response is required, National Union admits only that it contends it is not obligated to reimburse Plaintiff for past defense fees and costs incurred in connection with the Ellison and Bray Claims until and unless the $250,000 SIR is properly satisfied under the National Union Policies. National Union further states that to the extent a response is required legal allegations and/or allegations against the other defendant, Continental, it lacks sufficient information to form a belief as to the truth of those remaining allegations contained in paragraph 40 and, on that basis, denies them.

41. Answering paragraph 41, this paragraph consists of legal allegations/conclusions and allegations relating to other defendant, Continental, to which no response from National Union is necessary. To the extent a response is required, National Union states it lacks sufficient information to form a belief as to the truth of the legal allegations and allegations relating to Continental contained in paragraph 41 and, on that basis, denies them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State Claim)**

The Complaint, and each and every cause of action contained therein, fails to set forth facts sufficient to state a cause of action against National Union.

### SECOND AFFIRMATIVE DEFENSE

**(Estoppel)**

Plaintiff's claims are barred in whole or in part by the equitable doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

**(Laches)**

Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint is barred by the equitable doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Breach)

Plaintiff's claims may be barred, in whole, or in part to the extent Plaintiff failed to comply with the applicable terms and provisions of the National Union Policies.

## SIXTH AFFIRMATIVE DEFENSE

### (Coverage Barred)

Plaintiff's claims may be barred, in whole, or in part by the terms, conditions, exclusions, limitations, endorsements and/or exceptions to coverage contained in the National Union Policies, including without limitation any conditions precedent, per occurrence and aggregate limits of liability, Self-Insured Retentions, policy periods, notice requirements, definitions of "WHO IS AN INSURED", the joint venture limitation/exception and exclusions contained therein.

## SEVENTH AFFIRMATIVE DEFENSE

### (Other Defenses)

National Union asserts that it may have other separate and/or additional defenses of which it is not presently aware and hereby reserves the right to assert them by amendment to this Answer as discovery continues.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

WHEREFORE, National Union prays for judgment as follows:

1. That Plaintiff take nothing by reason of its Complaint on file herein;

2. That National Union recover its reasonable attorney's fees and costs incurred herein; and

3. For such other and further relief as the Court deems just and proper.

DATED: June 22, 2007

LEWIS, BRISBOIS BISGAARD & SMITH LLP

By: *[signature]*
JAMIE L. VELS, ESQ.
RENE I. GAMBOA, ESQ.
Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA