Gretchen A. Ramos, No. 198689
Alan P. Jacobus, No. 206954
Vance A. Woodward, No. 231730
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, California 94104
Telephone:   415.989.5900
Facsimile:   415.989.0932
Email:       gramos@cbmlaw.com
             ajacobus@cbmlaw.com
             vwoodward@cbmlaw.com

Attorneys for Defendant The Continental Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HOMESTAKE LEAD COMPANY OF MISSOURI,<br><br>              Plaintiff,<br><br>     versus<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and THE CONTINENTAL INSURANCE COMPANY,<br><br>              Defendants. | No. C-07-2634-EMC<br><br>**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY THIS ACTION**<br><br>Date of Hearing: August 22, 2007<br>Time:    10:30 a.m.<br>Judge:   Magistrate Edward M. Chen<br>         Courtroom C, 15th Floor |

**TABLE OF CONTENTS**

Page

I. SUMMARY OF ARGUMENT ................................................................................. 1

II. *BRILLHART* APPLIES BECAUSE THE OUTCOME OF THIS PROCEEDINGS TURNS ON RESOLUTION OF THE DECLARATORY JUDGMENT CLAIM RAISED REGARDING STATE INSURANCE LAW ISSUES ........................................ 1

III. THE *BRILLHART* FACTORS INDICATE A STAY OF THESE PROCEEDINGS IS APPROPRIATE PENDING RESOLUTION OF THE STATE COURT ACTION ........... 4

IV. EVEN IF *BRILLHART* DOES NOT APPLY, THIS COURT SHOULD DISMISS OR STAY THIS UNDER THE *COLORADO RIVER* STANDARD ........................................ 5

    A. The New York Action Encompasses the California Action; Abstention Is Therefore Warranted To Avoid Inconsistent Rulings ................................................ 6

    B. The Convenience of the Parties Favors Abstention ................................................. 7

    C. The New York Action Was Filed First ..................................................................... 8

    D. New York Law Controls .......................................................................................... 8

    E. The New York Proceedings Are Adequate .............................................................. 8

V. THIS COURT CAN AND SHOULD DISMISS OR STAY THIS ACTION PENDING THE RESOLUTION OF THE NEW YORK ACTION ................................. 9

    A. The Mere Fact that the More Convenient Forum Is Inside Rather than Outside the United States Does Not Prevent this Court from Granting a *Forum Non Conveniens* Stay or Dismissal ..................................................................................... 9

    B. Homestake Is Clearly Forum Shopping ................................................................. 10

    C. The Private and Public-Interest Factors Favor a Stay or Dismissal ....................... 10

VI. CONCLUSION ............................................................................................................ 11

TABLE OF AUTHORITIES

Page(s)

**Cases**

*A.J. Indus. v. U.S. Dist. Ct. C.D. Cal.*,
 503 F.2d 384 (9th Cir. 1974) ......................................................................................... 11

*Brillhart v. Excess Ins. Co.*,
 316 U.S. 491 (1942) ................................................................................. 1, 2, 3, 4, 9, 11

*Colorado River Water Conservation Dist. v. United States*,
 424 U.S. 800 (1976) ................................................................................... 1, 5, 6, 8, 9, 11

*Coltec Indus. v. Cont'l Ins. Co.*,
 2005 WL 1126951, *2-4 (E.D. Pa. 2005) ......................................................................... 3

*Employers Reinsurance Corp. v. Karussos*,
 65 F.3d 796 (9th Cir. 1995) .......................................................................................... 1, 2

*Franklin Commons E. Partnership v. Abex Corp.*,
 997 F. Supp. 585 (D.N.J. 1998) ......................................................................................... 3

*Gatewood Lumber v. Travelers Indem. Co.*,
 898 F. Supp. 364 (S.D. W. Va. 1995) ............................................................................... 3

*Government Employees Ins. Co. v. Dizol*,
 133 F.3d 1220 (9th Cir. 1998) ..................................................................................... 1, 2, 4

*Horne v. Fireman's Retirement Sys. of St. Louis*,
 69 F.3d 233 (8th Cir. 1995) ............................................................................................... 3

*Ingersoll-Rand Fin. Corp. v. Callison*,
 844 F.2d 133 (3rd Cir. 1988) ............................................................................................. 8

*Maui Land & Pineapple Co. v. Occidental Chem. Corp.*,
 24 F. Supp. 2d 1079 (D. Hawaii 1998) ........................................................................... 2, 3

*Mills v. Beech Aircraft Corp.*,
 886 F.2d 758 (5th Cir. 1989) ............................................................................................ 10

*Morgan Stanley Dean Witter Reynolds v. Gekas*,
 309 F. Supp. 2d 652 (M.D. Pa. 2004) ................................................................................ 5

*Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*,
 460 U.S. 1, 23-26 (1983) ................................................................................................ 5, 9

*Nakash v. Marciano*,
 882 F.2d 1411 (9th Cir. 1989) ............................................................................................ 7

*Pavia v. State Farm Mut. Auto. Ins. Co.*,
 626 N.E.2d 24 (N.Y. 1993) ................................................................................................ 3

*Piper Aircraft Co. v. Reyno*,
 454 U.S. 235 (1981) .......................................................................................................... 10

TABLE OF AUTHORITIES
(continued)

Page(s)

*Ravelo Monegro v. Rosa,*
   211 F.3d 509 (9th Cir. 2000) ............................................................................... 10

*Snodgrass v. Provident Life and Acc. Ins. Co.,*
   147 F.3df 1163 (9th Cir. 1998) ........................................................................ 1, 2, 4

*St. Paul Fire & Marine Ins. Co. v. Vedatech Intern,*
   2007 WL 2088884, at *1 (9th Cir. 2007) ............................................................... 6

*Stasack v. Capital Dist. Physicians' Health Plan Inc.,*
   290 A.D.2d 866 (N.Y. App. Div. 2002) ................................................................ 3

*State Auto. Ins. Cos. v. Summy,*
   234 F. 3d 131 (3rd Cir. 2000) ................................................................................ 9

*Truck Ins. Exch. v. Atl. Mut. Ins. Co.,*
   2007 U.S. Dist. LEXIS 55116 (N.D. Ca. July 20, 2007) ...................................... 2

*United Nat. Ins. Co. v. R&D Latex Corp.,*
   242 F.3d 1102 (9th Cir. 2001) ............................................................................ 2, 4

*United States v. Almonte,*
   956 F.2d 27 (2nd Cir. 1992) ................................................................................... 7

*United States v. Siddiqui,*
   235 F.3d 1318 (11th Cir. 2000) ............................................................................. 7

*Wilton v. Seven Falls Co.,*
   515 U.S. 277 (1995) ............................................................................................ 1, 2

*Zivitz v. Greenberg,*
   1999 WL 262123, *3, *10 (N.D. Ill. 1999) ........................................................... 3

*Zurich Ins. Co. v. Texasgulf, Inc.,*
   233 A.D.2d 180 (N.Y. App. Div. 1996) ................................................................ 3

**Other Authorities**

N.Y. C.P.L.R.
   § 3019 ...................................................................................................................... 8

**Rules**

Federal Rules of Evidence
   Rule 801(d)(2) ........................................................................................................ 7
   Rule 802(17) ........................................................................................................... 7
   Rule 902(6) ............................................................................................................. 7

**Constitutional Provisions**

15 U.S.C.
   § 1012(a) ................................................................................................................. 6
   § 1404 ................................................................................................................. 9, 10

I.  **SUMMARY OF ARGUMENT**

Contrary to Homestake's assertions, the Ninth Circuit, as well as many other courts have found that this is precisely the type of case over which the Court should not exercise jurisdiction. Considering the factors under either *Brillhart* or *Colorado River*, the Court should dismiss or stay the case and allow the issues be resolved in the more complete New York Action. Since a comprehensive resolution of the issues raised in this action can be accomplished by the New York Action, abstention is warranted not only to avoid duplicative litigation and to conserve judicial resources, but to ensure that New York has the opportunity to address important state law issues relating to insurance policies governed by New York law. Furthermore, in light of the parallel pending action, efficiency and convenience justifies dismissal of this action based upon the *forum non conveniens.*

II. ***BRILLHART* APPLIES BECAUSE THE OUTCOME OF THIS PROCEEDINGS TURNS ON RESOLUTION OF THE DECLARATORY JUDGMENT CLAIM RAISED REGARDING STATE INSURANCE LAW ISSUES**

Homestake's reliance on the Ninth Circuit's rulings in *Snodgrass v. Provident Life and Acc. Ins. Co.*, 147 F.3df 1163 (9th Cir. 1998) and *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102 (9th Cir. 2001) is misplaced. Those cases can easily be distinguished from this action, and do not prevent this Court from applying *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942) and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), and abstaining.

In *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796 (9th Cir. 1995), the Ninth Circuit found the district court's exercise of jurisdiction an abuse of discretion where the plaintiff sought a declaration, like here, relating to the rights and obligations of the parties under an insurance contract. In so ruling, the court rejected the plaintiff's "attempt to portray th[e] case as one for a money judgment rather than declaratory relief" because "[plaintiff's] request for an order granting monetary relief is dependent on the district court's first favorably resolving its claim for declaratory relief." *Id.* at 801. The Ninth Circuit disapproved *Karussos* on other grounds in *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998), where the court noted in *dicta* that "*as a general rule*," the district court should not decline to entertain a claim for declaratory relief where "other claims are joined . . . (e.g., bad faith, breach of contract,

breach of fiduciary duty, rescission, or claims for other monetary relief)." 133 F.3d at 1225 (emphasis added). But *Dizol* does not purport to overrule the holding in *Karussos* that, where claims for monetary relief are wholly dependent on the court granting the declaratory relief sought, the lawsuit should be treated as a declaratory judgment action for abstention purposes. *See Truck Ins. Exch. v. Atl. Mut. Ins. Co.*, 2007 U.S. Dist. LEXIS 55116 (N.D. Ca. July 20, 2007) (even though the court's jurisdiction over contribution claim was mandatory, this Court applied *Brillhart* because to exercise jurisdiction would result in a needless decision of state law and duplicative litigation).

Nor does *Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163 (9th Cir. 1998), undermine *Karussos*. Rather, *Snodgrass* supports it. There, the Ninth Circuit declined to apply *Brillhart/Wilton* in a suit for, among other things, breach of contract, violations of state insurance and consumer laws, and negligence. But, in so ruling, the court expressly distinguished cases where, like here and in *Karussos*, "*the request for a declaration lies at the heart of the action.*" *Id.* at 1167 & fn.3 (emphasis added).

*United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102 (9th Cir. 2001) is not applicable here. In *R&D Latex*, the Ninth Circuit determined that an insurer's counterclaim for reimbursement could provide an independent basis for jurisdiction apart from a declaratory judgment claim. Here Homestake's request for a declaration—that Continental is obligated to reimburse all outstanding legal expenses and costs incurred by Homestake in defending the Ellison Claims and Bray Claims—lies at the heart of the action. *See* Homestake Complaint, Prayer for Relief, ¶ 4 at p.9.

Instead, this case is similar to *Maui Land & Pineapple Co. v. Occidental Chem. Corp.*, 24 F. Supp. 2d 1079 (D. Hawaii 1998). There, the plaintiff sued for declaratory relief and the defendant filed a counterclaim for breach of contract. The defendant argued that, because of its breach of contract claim, the district court had no discretion to decline to exercise its jurisdiction under *Brillhart/Wilton*. The court disagreed, reasoning that a breach of contract claim may be deemed independent of a declaratory judgment claim only if the relief sought is "different

than merely the performance of the contract that is the subject of the declaratory judgment claim." *Id.* at 1082. There, however, like here, "[the defendant] seeks defense costs and reimbursement that it is allegedly owed under the contract; thus, *its claim does not differ from a declaration that [the plaintiff] owes such a duty under the contract.*" *Id.* (emphasis added). Thus, "[g]iven that the claims involved . . . are exclusively claims for declaratory judgment, the Court may, in its discretion, decline to exercise its jurisdiction." *Id.* at 1082-83 (citing *Brillhart*, 316 U.S. 491).[1]

Indeed, under New York law, which governs the Continental policies, Homestake's breach of contract and bad faith claims are clearly ancillary to the declaratory judgment claim. Neither claim is viable unless the Court finds the Continental had a duty to provide coverage to the Homestake in the first place. *See Zurich Ins. Co. v. Texasgulf, Inc.*, 233 A.D.2d 180, 180-81 (N.Y. App. Div. 1996) (error to deny summary judgment on the insureds' bad faith counterclaim where the court found no coverage); *Pavia v. State Farm Mut. Auto. Ins. Co.*, 626 N.E.2d 24, 28 (N.Y. 1993) (no bad faith claim lies where liability for failure to provide coverage is unclear); *Stasack v. Capital Dist. Physicians' Health Plan Inc.*, 290 A.D.2d 866, 868 (N.Y. App. Div. 2002) (where insurer had no duty to provide coverage, plaintiff's declaratory relief and breach of contract claims properly dismissed).

Consequently, Homestake's breach of contract and bad faith claims are intertwined with its request for declaratory relief, in that they both seek performance under the Continental

---

[1] Courts in other districts also apply the *Brillhart/Wilton* doctrine under these kinds of circumstances. *See, e.g., Horne v. Fireman's Retirement Sys. of St. Louis*, 69 F.3d 233, 235 (8th Cir. 1995) (court found that action was "most aptly characterized as one for declaratory judgment" where the plaintiff sought "a declaration of his rights ... with any additional relief based on the court's decree"); *Coltec Indus. v. Cont'l Ins. Co.*, 2005 WL 1126951, *2-4 (E.D. Pa. 2005) (finding that where other claims hinge on the outcome of the declaratory relief claim, the *Wilton* abstention standard is appropriate); *Zivitz v. Greenberg*, 1999 WL 262123, *3, *10 (N.D. Ill. 1999) (district court had broad discretion to decline to exercise jurisdiction where the plaintiffs' action was "properly characterized as one primarily seeking declaratory relief"); *Franklin Commons E. Partnership v. Abex Corp.*, 997 F. Supp. 585, 592 (D.N.J. 1998) ("it would be the tail wagging the dog if the presence of a subordinate claim were sufficient to require a federal court to hear primary claims that it has determined are better resolved elsewhere"); and *Gatewood Lumber v. Travelers Indem. Co.*, 898 F. Supp. 364, 366 (S.D. W. Va. 1995) ("Although the parties in the instant action are seeking substantive relief in addition to declaratory judgment, the substantive claims are so closely tied to the interpretation of the insurance contract the resolution of those claims is dependant on the outcome of the declaratory judgment claims").

policies issued to Amax. Should the Court find that no coverage exists under the Continental policies, Homestake will not be able to proceed on the breach of contract and bad faith claims. Although Homestake claims that its breach of contract claim is matured, that is not the case. In its complaint, Homestake claims Continental breached the terms and conditions of the insurance policies by not reimbursing it certain defense costs that it claims it is owed under the Continental policies. Prior to Homestake being able to seek reimbursement, it will be required to prove that it is entitled to coverage under the Continental policies for such defense costs. While Homestake attempts to recast its claims as unique and similar to the situation in *R&D Latex* and *Snodgrass*, they are not. Here, Homestake's request for a declaration truly lies at the heart of the matter. Thus, *Brillhart* should be applied in determining whether abstention is proper.

### III. THE *BRILLHART* FACTORS INDICATE A STAY OF THESE PROCEEDINGS IS APPROPRIATE PENDING RESOLUTION OF THE STATE COURT ACTION

Under the *Brillhart* factors, this action should be stayed. If allowed to proceed, this action would lead to duplicative litigation, reward Homestake's forum shopping tactics, and result in the federal court's needless interference in state law insurance coverage issues.

Although Homestake attempts to differentiate this case from the New York Action, both actions now involve the defense cost issued raised by Homestake in this action.[2] This action is reactive, as Homestake could have brought this suit before Continental filed in New York but instead Homestake waited to file it until after Continental served its New York Action. Finally, this case, which involves only issues of state law, is precisely the type of case that should be stayed until the New York state court resolves the dispute as jurisdiction is based on diversity of citizenship. Meanwhile, no compelling federal interest warrants exercising jurisdiction. Considering the pending New York Action, the avoidance of duplicative litigation favors declining jurisdiction in this action. Moreover, should this Court exercise its discretionary

---

[2] And even assuming, as Homestake argues, that the action are not parallel, this is merely one factor to be considered in addition to the other Brillhart factors when deciding to accept or decline jurisdiction. See Dizol, 133 F.3d at 1225.

jurisdiction, it will very likely have to decide numerous questions of New York insurance law, which are better left to the court in the New York Action.

### IV. EVEN IF *BRILLHART* DOES NOT APPLY, THIS COURT SHOULD DISMISS OR STAY THIS UNDER THE *COLORADO RIVER* STANDARD

A court may and should stay a case if doing so will promote "wise judicial administration" by "giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The Supreme Court described the relevant factors to consider. Five of those factors are relevant here.[3]

    1.    Whether piecemeal litigation will be avoided.

    2.    The inconvenience of the federal forum.

    3.    The order in which the respective courts obtained jurisdiction.

    4.    Which forum's substantive law governs the merits of the litigation.

    5.    The adequacy of the state forum to protect the rights of the litigants.[4]

*Colorado River* at 818, and *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23-26 (1983).

Abstention is "the exception, not the rule." *Colorado River*, 424 U.S. at 813. But that does not mean "exceptional circumstances" is a criterion in addition to the factors that the Supreme Court espoused. Rather, the factors themselves are what lead to the conclusion that exceptional circumstances do or do not exist. *Colorado River*, 424 U.S. at 818.

Here, all relevant factors weigh in favor of abstention, even assuming *arguendo* that Homestake's breach of contract and bad faith claims are independent from its declaratory relief claim. The Court is, in fact, presented with the quintessential exceptional circumstances begging

---

[3] A sixth factor—whether either court has assumed jurisdiction of property—has no relevance here because this dispute does not involved jurisdiction over property. *Morgan Stanley Dean Witter Reynolds v. Gekas*, 309 F. Supp. 2d 652, 657 (M.D. Pa. 2004).

[4] In many respects, the *Colorado River* factors mimic those considered in the *forum non conveniens* analysis.

for a *Colorado River* dismissal or stay. Just recently, the Ninth Circuit affirmed a *Colorado River* stay in the context of an insurance coverage action similar to this one. *St. Paul Fire & Marine Ins. Co. v. Vedatech Intern*, 2007 WL 2088884, at *1 (9th Cir. 2007).

First, Homestake's causes of action involve issues of insurance law, an area of law that Congress has expressly left to the states. *See* McCarran-Ferguson Insurance Reg. Act, 15 U.S.C. § 1012(a) ("The business of insurance, and every person engaged therein, shall be subject to the laws of the several States which relate to the regulation or taxation of such business"). Second, refraining from exercising jurisdiction will accomplish two goals: it will avoid piecemeal litigation and conserve judicial resources. Should the Court decide to exercise jurisdiction on the breach of contract and bad faith causes of action, piecemeal litigation will result because this Court's decision will depend on whether the state court concludes that coverage exists. If the Court exercises jurisdiction over all claims, it will analyze the same or similar facts as the New York state court, resulting in duplicative litigation and possibly inconsistent rulings. Third, there is no evidence that either party will be inconvenienced or prejudiced by pursuing all claims in New York State. Based on these exceptional circumstances, and in the interest of comity and judicial economy, this Court should refrain from exercising jurisdiction.

### A. THE NEW YORK ACTION ENCOMPASSES THE CALIFORNIA ACTION; ABSTENTION IS THEREFORE WARRANTED TO AVOID INCONSISTENT RULINGS

The first exceptional circumstance is that the New York action and this action are parallel and overlapping. Both cases involve an insurance coverage dispute concerning liability arising out of Homestake's Missouri lead mining operations. Both actions relate to coverage under the same policies. As with the California action, coverage for the Ellison and Bray claims is directly in issue in the New York action, just as Homestake concedes in its opposition. (Opposition, 5:4-10.) Thus, both cases relate to the same insurance policies *and* the same underlying activities *and* the same underling claims.

Certainly, the New York action is more comprehensive because it raises all the issues that Homestake raises in this action and then some insofar as the New York action also relates to

1  BNSF's claims.  Exact parallelism between the two cases is not required.  *Nakash v. Marciano*,
2  882 F.2d 1411, 1416 (9th Cir. 1989).  But even if exact parallelism were required, dismissal is
3  justified because the issues raised in the New York action fully encompass the issues raised here.

### B.   THE CONVENIENCE OF THE PARTIES FAVORS ABSTENTION

The interested parties are mostly on or near the east coast.[5]  Homestake may be able to name three potential witnesses that reside in California.  However, as outlined on Continental's moving papers, the vast majority of witnesses likely reside on or near the east coast.  Eventually, depositions will be taken of claims handlers, document retention-personnel, and rule 30(b)(6) witnesses.  Most or all these people will likely be located on or near the east coast because that is the location of the parties' main offices.

And just as importantly, Homestake has no practical connection to California.  At some time in the past, Homestake may have conducted operations out of California.  But frankly and factually, Homestake has no business bringing this action in California.  Continental cannot find any evidence of Homestake having any employees in the United States, much less California.  The true stakeholder in this dispute—the party with the financial interest in this matter—is Homestake's parent company, Barrick Gold, which is based out of Toronto, Canada.  Thus, Homestake could easily have brought as counter-claims in the New York action the claims it brings in this action.  But it chose not to do so despite the inconvenience of starting another action on the other side of the country.  This factor weighs in favor of abstention because New York is a more convenient forum for the parties, including Homestake.

---

[5] Homestake's argument that Continental has provided no evidence is false.  The pleadings of the parties to the New York action and the excerpts from Moody's Industrial Manual, all attached to the Woodward Declaration filed with Continental's moving papers, provide the details.  Mr. Woodward authenticated these documents in his declaration.  Furthermore, the Moody's Industrial Manual is a self-authenticating document under Rule 902(6) of the Federal Rules of Evidence ("FRE") because it is a periodical.  Finally, the documents can be authenticated through circumstantial evidence such as their own distinctive characteristics and their contents.  *United States v. Siddiqui*, 235 F.3d 1318, 1322 (11th Cir. 2000).  In any event, Homestake has not challenged the authenticity of the documents and therefore has waived any objection on that ground.  *United States v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992).  Likewise, there is no hearsay issue.  Admissions by party-opponents are not hearsay.  FRE Rule 801(d)(2).  And commercial publications are admissible as a hearsay exception.  FRE Rule 802(17).

### C. THE NEW YORK ACTION WAS FILED FIRST

The New York action was filed first. Homestake admits it. Just because Homestake launched its own competing action with lightning-quick reflexes does not change the fact that the New York action is the prior action. The New York action, however, is more advanced as Continental has served discovery on the other parties in the New York action.

### D. NEW YORK LAW CONTROLS

As briefed in Continental's moving papers, New York law will control the interpretation of the Continental policies. This favors abstention. *See Ingersoll-Rand Fin. Corp. v. Callison*, 844 F.2d 133, 137 (3rd Cir. 1988). The issues raised here are not banal. The issues involve the interpretation of insurance contracts and allegations of bad faith, both of which are fluid and evolving areas of law in New York. New York certainly has an interest in resolving issues relating to these evolving areas of law.

### E. THE NEW YORK PROCEEDINGS ARE ADEQUATE

The existence of a comprehensive state system to resolve the issue in question weighs heavily in favor of abstention. *Colorado River*, 424 U.S. at 819. The New York court can fully protect Homestake's interests. It is not relevant whether the New York court has ruled upon Homestake's throwaway lack-of-personal-jurisdiction defense. (Homestake has answered Continental's complaint in New York and Homestake never brought any motion to dismiss based on lack of personal jurisdiction.) The issue is whether the New York court can fully protect Homestake's interests. New York can fully adjudicate upon and protect the litigants' rights because this case does not involve any issue of federal law. And to the extent Homestake seeks relief in California that is has not yet sought in New York, New York procedure allows them to file cross-actions seeking such relief. N.Y. C.P.L.R. § 3019.

\* \* \*

"No one factor is necessarily determinative." *Colorado River*, 424 U.S. at 818. "The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Moses H. Cone Mem. Hosp.*, 460 U.S. at 16. The factors should be applied "in a pragmatic, flexible manner with a view to the realities of the case at hand." *Id.* at

21.  Here, all the relevant *Colorado River* factors weigh in favor of abstention. Therefore, the present circumstances are of the very kind for which the *Colorado River* doctrine was developed. "The desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *State Auto. Ins. Cos. v. Summy*, 234 F. 3d 131, 136 (3rd Cir. 2000). Indeed, where a suitable state forum is "fully prepared and able to resolve [a] purely state law issue," a federal court's entertainment of the suit would be "a 'vexatious' and 'gratuitous interference.'" *Id.* Therefore even if the *Brillhart* standard does not apply here, stay or dismissal is warranted under *Colorado River*.

## V. THIS COURT CAN AND SHOULD DISMISS OR STAY THIS ACTION PENDING THE RESOLUTION OF THE NEW YORK ACTION

*Brillhart* and *Colorado River* aside, a stay or dismissal is justified because inconvenience to the parties and the courts would otherwise result.

### A. THE MERE FACT THAT THE MORE CONVENIENT FORUM IS INSIDE RATHER THAN OUTSIDE THE UNITED STATES DOES NOT PREVENT THIS COURT FROM GRANTING A *FORUM NON CONVENIENS* STAY OR DISMISSAL

The doctrine of *forum non conveniens* is a common law doctrine that provides courts with authority to dismiss actions brought in inconvenient forums or to stay such actions pending the resolution of parallel action pending in more convenient jurisdictions. The doctrine was partially adopted in 28 U.S.C. § 1404, which provides a federal court with authority to transfer a case from one jurisdiction to another. Continental has not sought relief under 28 U.S.C. § 1404 because, here, no transfer is necessary. A parallel action is already pending in New York. Homestake's argument that *non conveniens* can only be invoked when a more convenient forum exists outside the United States is wrong. Homestake's out-of-context quotation of *Ravelo Monegro v. Rosa*, 211 F.3d 509 (9th Cir. 2000), changes nothing. Granted, where another parallel action is not already pending, the appropriate relief may be sought and granted under 28 U.S.C. § 1404. Here, though, another parallel action is pending. Thus, it would simply be an unnecessary step to transfer this action to New York federal court before combining it one way or

another with the already pending New York state court action.[6]  Nevertheless, should this Court determine that a 28 U.S.C. § 1404 transfer is the appropriate vehicle for disposing of this matter, this Court has full authority to do so *sua sponte*. *Mills v. Beech Aircraft Corp.*, 886 F2d 758, 761 (5th Cir. 1989).  Either way, Homestake cannot cite a single case where a court denied a *forum non conveniens* motion on the mere basis that the more convenient forum was inside rather than outside the United States.  This Court clearly has the authority to dismiss or stay this action pending the resolution of the New York action or transfer it pursuant to 28 U.S.C. § 1404.

B. **HOMESTAKE IS CLEARLY FORUM SHOPPING**

No weight should be granted to Homestake's choice of forum here because, as discussed above and in Continental's moving papers, Homestake has no practical connection to California. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981).  Given Homestake has no business in California and given that the exact same issues raised here have been raised in the New York action, Homestake clearly chose to bring this action in California despite inconvenience even to itself.  Consequently, Homestake's choice of forum should be given no weight.  And since Homestake's choice should be given no weight, the *forum-non-conveniens* analysis becomes a true balancing of interests, one that weighs in favor of a stay or dismissal.

C. **THE PRIVATE AND PUBLIC-INTEREST FACTORS FAVOR A STAY OR DISMISSAL**

A stay or dismissal is warranted because it will effect the efficient allocation of resources through consolidation:

> The feasibility of consolidation is a significant factor in a transfer decision, although even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties.

*A.J. Indus. v. U.S. Dist. Ct. C.D. Cal.*, 503 F.2d 384, 389 (9th Cir. 1974).  Finally, a New York court will likely apply New York law to the interpretation of the Continental policies.  When Continental issued insurance to Amax, it did so through its New York offices and through a New

---

[6] Once the additional appropriate parties are added to and properly aligned in this action, diversity will be destroyed and thus the case will eventually be remanded to state court regardless whether that be a California state court or a New York state court.

York broker. And the earlier policies were issued to Amax when it maintained its main offices in New York. The parties to the Continental policies must have believed that New York law governs them and that any litigation regarding the Continental policies would properly be brought in a New York court. The mere fact that Homestake got a free ride on Amax's insurance coverage should not permit it to haul Continental into court all the way across the country.

## VI.   CONCLUSION

All of the *Brillhart* and nearly all of the *Colorado River* factors weigh heavily in favor of abstention. This Court should abstain from exercising jurisdiction and dismiss this action as this is truly a case of exceptional circumstances. There is no reason for this Court to waste its resources on this action, which involves state insurance law issues between parties that are already parties to a more comprehensive, first-filed action in New York that resolves the parties' disputes. New York State's strong interest in regulating insurance governed by New York law is a strong factor militating against this Court exercising jurisdiction. Failure to abstain will likely result in duplicative litigation, will unnecessarily waste judicial resources, and will dishonor the principles of federalism and comity. Even if the Court refuses to abstain, it should dismiss or stay this case based upon the *forum-non-conveniens* grounds for consolidating the cases will result in the efficient allocation of resources. Accordingly, Continental requests this Court to dismiss this action in favor of the New York Action. In the alternative, Continental requests this Court to stay this action while the New York State Action proceeds.

Dated: August 8, 2007.                              **CARROLL, BURDICK & McDONOUGH** LLP


By:   /s/ Vance A. Woodward
      Attorney for Defendant The Continental
      Insurance Company[7]

---

[7] This document has been filed and served pursuant to United States District Court for the Northern District of California General Order 45., so no certificate of service is required. Civil L.R. 5-4; Civil L.R. 5-5; Civil L.R. 5-6.